**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KING CLIFFORD JEFFERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NEW BRUNSWICK, and N.J. STATE DEPARTMENT OF HEALTH-VITAL STATISTIC REGISTRY,<br><br>　　　　　　Defendants. | Civil Action No. 23-01898 (GC) (RLS)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　Plaintiff King Clifford Jefferson ("Jefferson") proceeds *pro se* against the City of New Brunswick and the N.J. State Department of Health-Vital Statistic Registry. (*See* ECF No. 1.) Jefferson has also filed an April 3, 2023 application to proceed *in forma pauperis*. (*See* ECF No. 1-2.)

　　The *in forma pauperis* application will be denied without prejudice because the application is incomplete. For example, on the second page, nothing is listed on the line next to the question "How much cash do you and your spouse have?" (*Id.* at 2.) Moreover, on the fifth page, Plaintiff's answers to the questions asking him to explain why he cannot pay the costs of the proceedings[1] and to identify the city and state of his legal residence are non-responsive. (*See, e.g., id.* at 5 ("12. Identify the city and state of your legal residence. [Answer:] There is no city or state. . . .").) As

---

[1] An explanation is particularly important here where Plaintiff claims to have no expenses whatsoever, including no food expenses and no home or rent expenses. (ECF No. 1-2 at 4.) Unless some explanation is provided, the Court could not determine whether the representation that Plaintiff has no expenses is accurate.

stated in the instructions to the form, Plaintiff is required to "[c]omplete all questions in this application" to allow the Court to adequately review the merits of his application. (*Id.* at 1.)

In addition, Plaintiff's Complaint will be dismissed without prejudice because it violates Federal Rule of Civil Procedure ("Rule 8"). Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Although *pro se* complaints are to be construed liberally, even *pro se* plaintiffs must "comply with the basic pleading requirements of Rule 8(a)." *Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018); *see also Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012).

Here, Jefferson's Complaint does not provide adequate notice of the claims against the Defendants and does not permit this Court to conduct a proper review of his case pursuant to 28 U.S.C. § 1915(e)(2)(b). The Complaint is a rambling and unclear 21-page document without numbered paragraphs that declares that it is "From His Majesty King Clifford Jefferson" and provides little insight into either the factual or legal nature of Plaintiff's claims against the Defendants or any basis for federal jurisdiction.[2] (ECF No. 1 at 1-21.) Such a document does not comply with Rule 8's requirements and will be dismissed accordingly.

Because the application to proceed *in forma pauperis* is incomplete and the Complaint is being dismissed, this Court will also administratively terminate this case for docket management purposes. Jefferson may seek to reopen this action by either paying the $402.00 filing fee or submit

---

[2]   Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

a complete application to proceed *in forma pauperis* as well as an amended complaint that complies with Rule 8 within the time specified in this Memorandum & Order.

    **IT IS** on this 12th day of June, 2023, **ORDERED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **DENIED** without prejudice.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

3. Because the Complaint is dismissed, the Clerk's Office is directed to **TERMINATE** the "Motion Heard Ex Parte" pending at ECF No. 3.

4. The Clerk's Office is also directed to administratively **CLOSE** this case.

5. Jefferson may have the case reopened, if, within thirty (30) days of the date of the entry of this Memorandum & Order, he either pre-pays the $402 filing fee ($350 filing fee plus $52 administrative fee) or submits to the Clerk a proper complete *in forma pauperis* application as well as an amended complaint that complies with Rule 8.

6. Upon receipt of an amended complaint and a proper complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case.

7. The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum & Order; and (2) a blank form application to proceed *in forma pauperis*.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**